UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COTA McKINNON,

        Petitioner,         Case No. 1:09-cv-644

v.        Honorable Janet T. Neff

BLAINE C. LAFLER,

        Respondent.

_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the amended petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner, who refers to himself as "Cota McKinnon, IV©, Secured Party," is incarcerated at the Carson City Correctional Facility. (Am. Pet. at 14, docket #4.) After a jury trial, the Wayne County Circuit Court convicted Petitioner of first-degree home invasion, armed robbery and possession of a firearm during the commission of a felony (felony-firearm). The trial court sentenced Petitioner to six to twenty years' imprisonment for the home invasion conviction, eighteen years and nine months to thirty-five years' imprisonment for the armed robbery conviction and two years' imprisonment for the felony-firearm conviction. (Am. Pet. at 1-2.)

The allegations in Petitioner's application for habeas corpus relief are rambling and difficult to understand, but Petitioner's primary claim appears to be that the Michigan courts lacked jurisdiction to try him for the crimes for which he was convicted. Petitioner seems to argue that the state courts lacked jurisdiction to try him because they never acquired a security interest over him, as required by the Uniform Commercial Code (U.C.C.). Petitioner raises four grounds of habeas corpus relief. In his first ground, Petitioner references his attachments and affidavits, but provides (verbatim):

> I am not a U.S. citizen, a State or Federal Employees as defined by any MCL, CFR, U.S.C., MCR(s). I am not a "U.S. Persons," a statutory "Resident(s)" (Aliens), I am not a "taxpayer of the I.R.C. or I.R.S., for the Federal Government, I am not a officer of the State or Federal Government serving within the State or Federal Government.

(Am. Pet. at 6.) As to the remaining three grounds for habeas corpus relief, Petitioner only references his attachments and affidavits. (Am. Pet. at 7, 9-10.) Petitioner's attachments include the following documents: "Your Exclusive Right to Declare or Establish your Civil Status;" Michigan Department of State, UCC Notice; Michigan Department of State, Job Receipt; Michigan

Department of State, Search Request with Certified Seal; Michigan Department of State, UCC 2005 Summary; Michigan Department of State, August 3, 2009 certification of financing statements on file for Petitioner as of July 29, 2009; UCC Financing Statement dated August 15, 2005; UCC Financing Statement Addendum; UCC Financing Statement Amendment dated September 23, 2005; and Wayne County Judgment of Sentence dated February 5, 2009. (Attachs. 1 & 2 to Am. Pet., docket #4.)

## Discussion

The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F.2d 1058, 1059 (6th Cir. 1976). Petitioner's claim that the state trial court lacked jurisdiction to try his case raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 2d 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 F. App'x 259, 266 (6th Cir. 2001) (district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law).

Moreover, Petitioner's jurisdictional claim is totally without merit. Other courts have rejected similar jurisdictional claims as being frivolous. *See Van Hazel v. Luoma*, No. 05-cv-73401-DT, 2005 WL 2837356, at *2 (E.D. Mich. Oct. 27, 2005) ("Petitioner cannot divest the State of Michigan of jurisdiction to prosecute him of a criminal offense simply by declaring a security interest in himself pursuant to the Uniform Commercial Code or having another person do so.");

*State v. Arnold,* 379 N.W.2d 322, 323 (S.D. 1986) (trial court had jurisdiction over criminal defendant, even though defendant had declared natural individual sovereignty and declared the revocation of his marriage license, birth certificate, limited liability for perpetual succession of debt and credit, and social security indentures); *State v. Matzke,* 696 P.2d 396, 398-99 (Kan. 1985) (a person may not exempt himself or herself from obligations under the law by declaring that he or she is an "absolute natural person" or by claiming to revoke some power "formerly granted" to any and all government agencies). In addition, any reliance by petitioner on the U.C.C. in support of his jurisdictional argument is also without merit, because the U.C.C. is inapplicable to criminal proceedings. *See United States v. Humphrey,* 287 F.3d 422, 435 (6th Cir. 2002), *overruled on other grounds by, United States v. Leachman,* 309 F. 3d 377 (6th Cir. 2002); *United States v. Holloway,* 11 F. App'x 398, 400 (6th Cir. 2001); *Chandler v. Curtis,* No. 05-cv-72608-DT, 2005 WL 1640083, at *2 (E.D. Mich. July 13, 2005).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's amended application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that

an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: September 9, 2009          /s/ Janet T. Neff
                                  Janet T. Neff
                                  United States District Judge